## ALDRICH *v.* BROOKS & TRUSTEE.

A trustee cannot be charged for the amount of a note given to the principal defendant, which, by its terms, is not payable in money, but in the performance of specific personal services, unless there has been a failure to perform the services so as to make the contract a cash-note.

If fraud be shown so as to vitiate the contract, the trustee may be charged for the consideration which passed into his hands, but not upon the contract.

Where the trustee gave a note, payable in boarding the wife and child of the principal defendant, and it did not appear that there had been any fault on the part of the trustee by which the note had become due in money; *Held,* that the trustee was not chargeable.

FOREIGN ATTACHMENT. The plaintiff having taken the disclosure of the trustee, elected to try the question whether chargeable or not, by the jury, and an issue was framed for that purpose.

The plaintiff claimed to hold the trustee chargeable for the amount of a promissory note, given by the trustee to the

principal defendant, Brooks, about the last of February, 1850, " for $50, payable to said Brooks in boarding his wife and child."

It was contended on the part of the trustee, that a promissory note of that character was not such a right or credit of the principal defendant, in the hands of the trustee, as was subject to the process of foreign attachment, and that he could not, therefore, be held chargeable. But the court instructed the jury that if they should find that the note, at the time of the service of the writ upon the trustee, was due from him to the principal defendant, they should find a verdict for the plaintiff. To these instructions the trustee excepted, and the jury having returned a verdict for the plaintiff, the trustee moved to set the same aside and for a new trial, for alleged error in said instructions.

The writ was served upon the trustee soon after the note was given.

The questions arising upon the motion for a new trial were transferred to this court for determination.

*J. W.* and *G. C. Williams*, for the trustee.

The transaction by which the trustee became indebted to the principal defendant, is free from any fraud, either actual or constructive, towards creditors. The note was simply taken in the ordinary course of business, in order to provide for the board of the wife and child during the contemplated absence of the husband. Hence any suggestion of fraud was rejected from the case by the court at the trial, and the simple question of liability by reason of the nature of the debt reserved.

It will be observed that the amount secured the wife and child is small, and rebuts the presumption of fraud. It is hence unlike cases that may be cited by the plaintiff, such as *Crane* v. *Stickles*, 15 Vermont Rep. 252.

There are various cases settling that a trustee is not chargeable in such a case, where the consideration moved

from a third party. *Hinckly* v. *Williams*, 1 Cushman's Rep. 496; *Vincent* v. *Gorham*, 3 Met. Rep. 343; *Brigdon* v. *Gill*, 16 Mass. Rep. 522. The case most resembling this is *Briggs* v. *Beach*, 18 Vermont Rep. 115, in which the consideration proceeded from the husband, for the benefit of himself and wife, and after his death the bond was directly to her. In this case, also, that of *Crane* v. *Stickles* is commented upon, and the distinction of fraud upon creditors is taken, and the smallness of amount assigned as a circumstance rebutting the idea in that case.

The difficulty, if not impossibility, of rendering a suitable judgment against the trustee in this case, is an argument for the propriety of his discharge. How can the contract be varied, and the trustee be compelled to pay the note in any other way than as agreed? Can any other person be constituted to receive the board, instead of the wife and child? And is the trustee bound to board any one else? *Briggs* v. *Beach*, 16 Vermont Rep. 115.

This seems, in some measure, a personal obligation. *Flanders & ux.* v. *Lampheer*, 9 N. H. Rep. 201. Why may not the trustee here have equal preferences, and be entitled to exercise them in the selection of persons he is willing to board, as well as an individual receiving board have preferences as to the person who shall board him?

*Whidden*, for the plaintiff.

This is a right in the hands of the trustee, which can be reached, and is reached, by our statute. It is a credit for which the trustee is liable. Revised Statutes, chap. 208, §§ 8, 12, 13.

We think the arrangement was entered into for the purpose of defeating the claims of creditors, and that the trustee was privy to the matter. The principal defendant is insolvent, and we say there was fraud and connivance between him and the trustee.

The case of *Flanders & Wife* v. *Lampheer*, 9 N. H. Rep.

201, does not meet this case. Neither does the case of *Briggs* v. *Beach*, 18 Vermont Rep. 115. But as a case in point, we refer the court to *Crane* v. *Stickles & Tr.* 15 Vermont Rep. 252.

The trustee holds this $50 in his hands, and the court will not aid the principal defendant to cover up his property in that way.

This is not a personal matter that cannot be reached. If the parties make a contract of this kind to defraud creditors, the court will charge the trustee. *Coburn* v. *Pickering*, 3 N. H. Rep. 415; *Smith* v. *Lowell*, 6 N. H. Rep. 67; *Carlisle* v. *Rich*, 8 N. H. Rep. 44; *Smith* v. *Smith*, 11 N. H. Rep. 459; *McConihe* v. *Sawyer*, 12 N. H. Rep. 396.

*Williams.* No questions of insolvency or fraud are raised in the case, and they cannot be argued here.

EASTMAN, J. This trustee cannot be charged unless the principal defendant, Brooks, had a right of action against him for the amount of the note.

By the terms of the contract, the $50 were payable to Brooks, in boarding his wife and child. No time is fixed for the payment, and an action for money could not be maintained upon the note until after a demand made, and a refusal to fulfil the terms of the contract. From the very nature of the instrument, the trustee could not be charged for the amount payable specifically, according to the terms of the contract, because it would be requiring him to render to the plaintiff what could not be done for his benefit.

The trustee, then, in order to be charged, must be liable to pay the $50 in money; and before the action can be sustained, the plaintiff must show such liability. It is not sufficient that the note be due specifically, according to its terms, but it must be due in cash, and the evidence must be competent to establish that fact.

The instructions of the court did not go far enough.

They should have been to the effect that the note must be due in money. The plaintiff may, perhaps, supply the deficiency in the evidence, and change the character of the case upon a new trial, but as it now stands, the verdict must be set aside.

It does not appear that any question of fraud was raised upon the trial. If actual fraud should be shown, although the trustee might not be chargeable on the contract, it being personal, for the performance of a specific thing, which could not be transferred, yet he might be charged for the consideration that passed for the contract; for the money or goods placed in the hands of the trustee as the consideration. In such case, the contract would be regarded as void, and the trustee charged for what he had received.

It was stated in the argument by the plaintiff's counsel, that the principal defendant was insolvent. But upon the ruling of the court, this would not change the character of the case. The only question left with the jury was, whether the note was due, and the question of insolvency could not, therefore, arise.

*Verdict set aside.*